LOTTINGER, Judge.
This is a suit filed by Ellen Dorsey, for and in behalf of her minor child, Lena Wil-liamston, for child support and maintenance. Petitioner alleges that the defendant, Nora Monroe Williamston, is the father of her said minor. The Lower Court awarded judgment in favor of petitioner and against defendant in the sum of Thirty-five ($35.00) Dollars per month, payable bimonthly. The defendant has taken a devolutive appeal.
The record discloses that the petitioner and defendant were married to each other and living together as man and wife prior to May 15, 1948, on which date they separated. On March 4, 1952, the minor child, Lena Williamston, was born at Charity Hospital in New Orleans. On June 13, 1952, a judgment of divorce was rendered in favor of petitioner and against her said husband on the grounds that they had lived separate and apart for a period of at least two years. This judgment did not provide for maintenance and support for the child.
 The petitioner filed this suit seeking Fifty ($50.00) Dollars per month for child support and maintenance. Defendant answered alleging that shortly after the separation of the parties, petitioner moved into a home of, and lived in open adultery with, a man for a period of some eighteen months, claiming that this man was the natural father of Lena Williamston. The birth certificate, which is filed in the proceeding, lists the defendant as the father of the child. The record further discloses that subsequent to the judgment of divorce between the parties hereto, the father of the child and petitioner married, which marriage under the provisions of Article 198 of the LSA-Civil Code legitimated the child, Lena Williamston. Prior to this marriage which took place on September 7, 1952, Joe Ayo, who defendant claims is the natural father of the child had acknowledged the child as his. The defendant further claims that the judgment of divorce between petitioner and defendant was actually a disavowal of the child on the part of defendant because the judgment was based upon the fact that the parties had been separated for a period of at least two years during which period the child was conceived and born. We are certainly not impressed with the allegation by defendant that the judgment of divorce was a disavowal of paternity. Article 182 of the LSA-Civil Code defines adulterous bastards as follows:
“Art. 182. Adulterous bastards are those produced by an unlawful connection between two persons, who, at the time when the child was conceived, were, either of them or both, connected by marriage with some other person.”
Inasmuch as the natural father of the child and its mother were incapable of marrying at the time of conception of the child, there is no question that the child comes within the provisions of this article. Prior to 1944, an adulterous bastard could not be legitimated, however, Article 198 of the LSA-Civil Code was amended so as to provide for the legitimation of children bom from an adulterous connection of their father and mother. On the other hand we are faced with the provisions of Articles 185 and 191 of the LSA-Civil Code which provide as follows:
“Art. 185. The husband can not by alleging his natural impotence, disown the child; he can not disown it even for cause of adultery, unless its birth has been concealed from him, in which *775 case he will be permitted to prove that he is not its father.”
“Art. 191. In all the cases above enumerated, where the presumption of paternity ceases, the father, if he intends, to dispute the legitimacy of the child, must do it within one month, if he be in the place where the child is born, or within two months after his return, if he be absent at that time, or within two months after the discovery of the fraud, if the birth of the child was concealed from him, or he shall be barred from making any objection to the legitimacy of such child.” Emphasis ours.
According to the clear wording of these articles, the time within which defendant had the right to sue to disavow the paternity of this child has long since passed. One of the strongest presumptions of law is set forth in Article 184 of the LSA-Civil Code which states that “The law considers the husband of the mother as the father of all children conceived during the marriage.” Certainly the defendant may not now, some eleven years after the birth of this child, seek to disavow her paternity. The judgment of divorce did not have the effect of a disavowal, as a matter of fact, the evidence reflects that the birth of the child was not even mentioned during the divorce proceedings.
The defendant cited the Texas Company v. Stewart, La.App., 101 So.2d 222 in support of its contention that the child is the legitimate daughter of Joe Ayo. In this case, which was a concursus, the Court held a child born of a putative marriage as the legitimate child of its natural father. This holding was based upon the provisions of Article 117 of the Civil Code which provides that “The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith”. The father in that instance did not know that his wife had another husband living, and the question before the court was as to the heirship of the child born during the putative marriage.
Such is not the case before us, as the parties here were living in open adultery, the question to be decided regards alimony payable by a father to a child born during the marriage. The law presumes the child to be the daughter of the husband, and, as stated before, he is not now able to disavow the paternity of this child.
The defendant further claims that the petitioner has failed to sustain her burden of proof. We have examined the record and find the evidence necessary to sustain said birth.
For the reasons assigned the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by defendant.
Judgment affirmed.